1

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)

2

1990 North California Blvd., Suite 940
Walnut Creek, CA 94596

3

Telephone: (925) 300-4455
Facsimile: (925) 407-2700

4

E-Mail: ltfisher@bursor.com

5

**BURSOR & FISHER, P.A.**

6

Scott A. Bursor (State Bar No. 276006)
2665 S. Bayshore Dr. Ste. 220

7

Miami, FL 33133-5402
Telephone: (305) 330-5512

8

Facsimile: (212) 989-9163
Email: scott@bursor.com

9

*Attorneys for Plaintiff*

10

11

UNITED STATES DISTRICT COURT

12

EASTERN DISTRICT OF CALIFORNIA

13

14

DIONTAI EVANS, on behalf of himself and
all others similarly situated,

Case No.

15

Plaintiff,

**CLASS ACTION COMPLAINT**

16

v.

**JURY TRIAL DEMANDED**

17

MCCLATCHY U.S.A., INC.,

18

Defendant.

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

Plaintiff Diontai Evans ("Plaintiff" or "Mr. Evans"), individually and on behalf of all others similarly situated, alleges the following on information and belief against McClatchy U.S.A., Inc. ("McClatchy" or "Defendant") regarding Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").  Plaintiff brings this Complaint to: (1) stop Defendant's practice of placing phone calls using an automatic telephone dialing system ("ATDS") to the cellular telephones of consumers nationwide without their prior express written consent; (2) stop Defendant's practice of placing calls using an artificial or prerecorded voice to the cellular and landline telephones of consumers nationwide without their prior express written consent; (3) enjoin Defendant from continuing to place calls using an ATDS and/or artificial or prerecorded voice to consumers who did not provide their prior express written consent to receive them; and (4) obtain redress for all persons injured by its conduct.

## PARTIES

1.      Plaintiff Diontai Evans is, and at all times mentioned herein was, a resident of Stockton, California, and a citizen of the State of California.

2.      Defendant McClatchy U.S.A., Inc. is a corporation organized under the laws of Delaware, with a principal place of business at 2100 Q Street, Sacramento, California 95816. McClatchy conducts business in this District and throughout the United States.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the proposed Classes; (b) some members of the proposed Classes have a different citizenship from Defendant; and (c) the claims of the proposed class members exceed the sum or value of five million dollars ($5,000,000) in aggregate.  *See* 28 U.S.C. § 1332(d)(2) and (6).

4.      This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

5.      This Court has personal jurisdiction over Defendant because Defendant made and continues to make unwanted autodialed telemarketing calls in this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

6.      Venue is proper in this District under 28 U.S.C. § 1391(b) because Plaintiff resides in this District, Defendant sent and continues to send unwanted autodialed telemarketing calls in this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

**A.      The TCPA Of 1991**

7.      In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

8.      The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers," defined as equipment which "has the capacity . . . (a) to store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers." 47 U.S.C. § 227(a)(1).  Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.  The same section forbids making calls using an "artificial or prerecorded voice." *Id.* § 227(b)(1)(B).

9.      The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual. 2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

**B.      Defendant's Calls to Plaintiff and Class Members**

10.      Defendant called Plaintiff on his cellular telephone using an autodialer without his prior express written consent dozens of times, including a call on April 15, 2019 from the telephone number (800) 284-3233.

11.      When Plaintiff answered the calls, he heard a significant pause.  This pause is a hallmark of a predictive dialer.  According to the Federal Communications Commission and experts on telecommunications equipment, predictive dialers have the inherent present capacity to both (1) store and dial a list of telephone numbers without human intervention, and (2) generate random or sequential telephone numbers and to then dial those numbers.

12.      Thereafter, a recording played with a message starting:  "This is a message from the Sacramento Bee."

13.      After this prerecorded message, Plaintiff heard another significant pause and was subsequently transferred to a live agent.

14.      There is no doubt Defendant owns the number (800) 284-3233.  When the (800) 284-3233 number is dialed back, a recording plays a message beginning:  "Welcome to the Sacramento Bee," which is owned by Defendant.

15.      At all times material to this Complaint, Defendant was and is fully aware that unwanted autodialed telemarketing calls are being made to consumers' telephones through its own efforts and those of its agents.

16.      Defendant knowingly made (and continues to make) autodialed calls to consumers' telephones without the prior express written consent of the call recipients.  In so doing, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Classes, but also intentionally and repeatedly violated the TCPA.

17.      Online consumer complaints regarding unsolicited phone calls from the (800) 284-3233 number and The Sacramento Bee generally are legion:

- "Every day I get a call soliciting me to buy the Sacramento Bee Newspaper.  I have told them no for the last six months.  I want them top [sic] stop calling me because I don't

want their paper.  There are many reasons I don't like their paper and there is no need to belabor that point.  I just want them to stop harassing [sic] me."[1]

- "cancelled the bee.  now I get called several times a day even though I have asked them not to call back.  today I answered and made it clear that next time they call me I will seek damages in court."[2]

- "Ditto to me too...they call every fricken day and I too have told them no.  Please, quit calling me Sac Bee."[3]

-  "I HATE the bee!!!!!  My neighbor kid was trying to earn a little extra money by selling subscriptions to the bee, so I helped him out and bought a 1 month subscription (i dont [sic] read the paper).  Since I canceled it over 6 months ago I get at least 3 calls a week from them trying to get me to sign back up.  I have told them I am not interested every time but they continue to call.  I have even told them NOT to call me in the future but all that did was make them call me more!"[4]

- "They are worse than bill collectors!"[5]

- "Telemarketer for Sac bee"[6]

- "ask them to stop calling an they just keep calling, sometimes they call back to back"[7]

- "So they call up every week or two trying to get me back and I tell them no and they offer a discount and I say no.  At first I was polite.  But after about 5 or 6 phone calls it's getting old. I started just picking up the phone and hanging up.  So a couple of weeks ago they called and I said we got the Bee before, we stopped getting it and we no longer want to get it, please stop calling.  He said okay they would put me on the do not call list.  A few days later I see a missed call from them.  Then last week they call again and I let the

---

[1] https://800notes.com/Phone.aspx/1-800-284-3233
[2] *Id.*
[3] *Id.*
[4] https://www.reddit.com/r/Sacramento/comments/10igo3/okay_sacbee_you_are_officially_a_piece_of_shit_i/
[5] *Id.*
[6] https://www.shouldianswer.com/phone-number/2098254600
[7] *Id.*

guy have it. I told him we got the Bee before I don't want it, I asked for you to stop calling me and you still are.  The guy apologized and said he didn't know I was on the do not call list.  Then while I was out this morning they called again!  I am sure they will call again and I will have to ream someone a new one."[8]

- "I know it comes from two numbers. One toll free and one from Sac. Next call will get an earful"[9]

- "Ugh!!  The toll-free calls from the Bee solicitors are making me NUTS!  Last time, I told the woman I was on the Do Not Call list and that I'd asked to be removed from their dialing directory several times, and she got really snotty and said that it can take up to 90 days for the request to be activated.  It was after the Bee's office hours or I would have called them directly.  It's harassment, and we canceled the paper because we didn't read it anymore, so I'm really not interested . . . no matter how much of a discount you offer me."[10]

18.    These numerous consumer complaints indicate that Defendant is calling so many people that it is almost certainly using automated technology that would constitute an ATDS.

## CLASS ACTION ALLEGATIONS

19.    Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated.

20.    Plaintiff proposes the following ATDS Class definition:

> All persons within the United States who (a) received a telephone call on his or her cellular telephone; (b) made by or on behalf of Defendant; (c) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

21.    Plaintiff proposes the following Artificial Or Pre-Recorded Voice Class definition:

---

[8] http://elkgrovelagunanews.com/forums/topic/how-do-you-get-the-sac-bee-to-stop-calling-about-a-subscription/
[9] *Id.*
[10] https://www.yelp.com/biz/east-bay-times-walnut-creek-2?start=40

> All persons within the United States who (a) received a telephone
> call on his or her landline or cellular telephone; (b) made by or on
> behalf of Defendant; (c) at any time in the period that begins four
> years before the filing of the complaint in this action to the date that
> class notice is disseminated.

22. Plaintiff represents, and is a member of, these proposed Classes. Excluded from the Classes is Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned, and any member of such Judges' staffs and immediate families.

23. **Numerosity.** Plaintiff does not know the exact number of members in the proposed Classes, but reasonably believes, based on the scale of Defendant's business, that the Classes are so numerous that individual joinder would be impracticable.

24. **Existence and predominance of common questions of law and fact.** Plaintiff and all members of the proposed Classes have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing phone calls, and violations of their statutory rights.

25. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

26. The proposed Classes can be identified easily through records maintained by Defendant.

27. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed Classes. Those common question of law and fact include, but are not limited to, the following:

    a. Whether Defendant made phone calls to Plaintiff and class members using an ATDS and/or an artificial or prerecorded voice without prior express consent;

    b. Whether Defendant's conduct was knowing and/or willful;

    c. Whether Defendant is liable for damages, and the amount of such damages, and

d.   Whether Defendant should be enjoined from engaging in such conduct in the future.

28.      **Typicality.**  Plaintiff asserts claims that are typical of each member of the Classes because they are all persons who received phone calls on their telephones sent using an ATDS without their prior express written consent.  Plaintiffs will fairly and adequately represent and protect the interests of the proposed Classes, and have no interests which are antagonistic to any member of the proposed Classes.

29.      **Adequacy of Representation.**  Plaintiff will fairly and adequately represent and protect the interests of the proposed Classes, and has no interests which are antagonistic to any member of the proposed Classes.

30.      Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

31.      **Superiority.**  A class action is the superior method for the fair and efficient adjudication of this controversy.

32.      Class wide relief is essential to compel Defendant to comply with the TCPA.

33.      The interest of the members of the proposed Classes in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are relatively small.

34.      Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the phone calls at issue are all automated and the members of the Classes, by definition, did not provide the prior express consent required under the statute to authorize transmissions to their telephones.

35.      Defendant has acted on grounds generally applicable to the proposed Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed Classes as a whole appropriate.

36.      Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

**FIRST CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE
CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.***

37.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

38.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to the provisions of 47 U.S.C. §§ 227(b)(1)(A)-(B).

39.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed Classes are entitled to treble damages of up to $1,500.00 for each and every phone call sent in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

40.     Plaintiff and members of the proposed Classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

41.     Plaintiff and members of the proposed Classes are also entitled to an award of attorneys' fees and costs.

**SECOND CAUSE OF ACTION**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT,
47 U.S.C. § 227, *et seq.***

42.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

43.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the provisions of 47 U.S.C. §§ 227(b)(1)(A)-(B).

44.     As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed Classes are entitled to an award of $500.00 in statutory damages for each and every phone call sent in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

45.     Plaintiff and members of the proposed Classes are also entitled to, and do, seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

46.     Plaintiff and members of the proposed Classes are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed Classes the following relief against Defendant:

a.     Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

b.     As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiff seeks for himself and each member of the proposed Classes treble damages, as provided by statute, of up to $1,500.00 for each and every phone call that violated the TCPA;

c.     As a result of Defendant's violations of the TCPA, Plaintiff seeks for himself and each member of the proposed Classes $500.00 in statutory damages for each and every phone call that violated the TCPA;

d.     An award of attorneys' fees and costs to counsel for Plaintiff and the proposed Classes;

e.     An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate Classes, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firm representing Plaintiff as counsel for the Classes;

f.     Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated:  June 25, 2019

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:   */s/ L. Timothy Fisher*
         L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
2665 S. Bayshore Dr. Ste. 220
Miami, FL 33133-5402
Telephone: (305) 330-5512
Facsimile: (212) 989-9163
Email: scott@bursor.com

*Attorneys for Plaintiff*